[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion for contempt dated April 8, CT Page 11815 1999. A brief history is necessary in order to enter orders that are meaningful. On December 7, 1996, the Court dissolved the marriage and ordered, among other things, that the plaintiff pay child support in the amount of $680 per week and alimony of $750 per week. This order was subsequently modified by the Court on March 15, 1999, and the weekly order was reduced by $180. At the time, there was a substantial decrease in plaintiff's income. However, he owned a lot in Easton that had considerable value and was listed for sale. The Court ordered that the orders be reviewed when the lot was sold. The Court, in making its orders, has conducted the review and has considered defendant's motion for contempt.
Defendant seeks a contempt finding because plaintiff failed to provide dental insurance, failed to provide to pay orthodontia expenses, and failed to provide a life insurance policy in the face amount of $300,000. She also seeks counsel fees.
 ORDERS
1. The reported decisions clearly support the claims that orthodontia expenses are in fact dental expenses. The onus was on the plaintiff pursuant to the judgment of the Court to provide health insurance and dental coverage. The record is void of what dental expenses would have been considered unrecovered or reimbursed, and any claims along this line would be purely speculative.
2. The plaintiff is ordered to pay counsel fees to Attorney Deborah L. Grover in the amount of $2000 within sixty days of this order.
3. The Court has carefully reviewed plaintiff's motion to modify child support and custody and finds that plaintiff is experiencing serious difficulty in generating sufficient income from his advertising agency. The Court also finds that there has not been a wilful reduction of income. However, the plaintiff sold a substantial asset, the lot in Easton, and there has never been a detailed accounting of how the proceeds were expended. In addition, the plaintiff has a retirement plan valued in excess of $200,000. Under normal circumstances, plaintiff would probably be entitled to some further relief, but the defendant has very serious medical problems. She recently had a bone marrow transplant and has undergone a full course of radiation and chemotherapy. An examination of defendant's financial affidavit discloses a financial situation that is not particularly sound. CT Page 11816 She cares for the parties' two minor children who are ages fifteen and twelve, who need as much financial assistance as possible in these times. The Court has considered the plight of both parties and will not further modify the existing orders for alimony and child support. Any and all arrearages for alimony and/or child support shall be paid within thirty days of this order.
Plaintiff shall pay to defendant the sum of $4184.50 representing unreimbursed dental expenses. Plaintiff shall be credited $865.22 for medical expenses paid. Plaintiff is entitled to no credit for dental expenses since he failed to provide insurance for same. The sum of $3319.28 shall be paid to the defendant within thirty days of this order.
Owens, J.